# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,
        Plaintiff,

v.                                                 Criminal Case No: 2:09CR25

RICHARD CHARLES BENKA,
        Defendant.

## OPINION/ REPORT AND RECOMMENDATION CONCERNING
## PLEA OF GUILTY

This matter has been referred to the undersigned Magistrate Judge by the District Court for purposes of conducting proceedings pursuant to Federal Rule of Criminal Procedure 11. Defendant, Richard Charles Benka, in person and by counsel, Stephen G. Jory, appeared before me on March 9, 2010. The Government appeared by Thomas Mucklow and Erin Reisenweber, Assistant United States Attorneys.

Thereupon, the Court proceeded with the Rule 11 proceeding by asking what Defendant's anticipated plea would be. The AUSA responded that Defendant would enter a plea of "Guilty" to a lesser included offense as charged in Count 15 of the Indictment. The Court then determined that Defendant's plea was pursuant to a written plea agreement, and asked the Government to tender the original to the Court. The Court then asked counsel for the Government to summarize the written Plea Agreement. The AUSA then summarized the agreement. Defendant stated that the Government's summary of the Plea Agreement was correct. The Court ORDERED the written Plea Agreement filed.

The Court continued with the proceeding by placing Defendant under oath, and thereafter inquired of Defendant concerning his understanding of his right to have an Article III Judge hear the entry of his guilty plea and his understanding of the difference between an Article III Judge and a Magistrate Judge. Defendant thereafter stated in open court that he voluntarily waived his right to have

an Article III Judge hear his plea and voluntarily consented to the undersigned Magistrate Judge hearing his plea, and tendered to the Court a written Waiver of Article III Judge and Consent To Enter Guilty Plea Before the United States Magistrate Judge, which waiver and consent was signed by Defendant and countersigned by Defendant's counsel and was concurred in by the signature of the Assistant United States Attorney appearing.

Upon consideration of the sworn testimony of Defendant, as well as the representations of his counsel and the representations of the Government, the Court finds that the oral and written waiver of Article III Judge and consent to enter guilty plea before a Magistrate Judge was freely and voluntarily given and the written waiver and consent was freely and voluntarily executed by Defendant, Richard Charles Benka, only after having had his rights fully explained to him and having a full understanding of those rights through consultation with his counsel, as well as through questioning by the Court. The Court ORDERED the written Waiver and Consent filed.

The undersigned Magistrate Judge further examined Defendant with regard to his understanding of the impact of his waiver of his appellate rights as contained in his written plea agreement as follows:

Ct: Did you and Mr. Jory discuss that you have the right to appeal your sentence and conviction to the Fourth Circuit Court of Appeals within a specified time immediately following the oral pronouncement of the sentence against you?

Def: Yes, sir.

Ct: Did you and Mr. Jory discuss that you may have certain rights to collaterally attack or challenge the sentence and how it was imposed using what is commonly called a writ of habeas corpus motion or a writ under 28 USC 2255?

Def: Yes, sir.

Ct: Did you and Mr. Jory discuss your waiver of those rights as contained in your plea agreement?

Def: Yes, sir.

Ct: And you understood by the word waiver that you were giving up those rights under the conditions set forth in your plea agreement?

Def: Yes, your honor.

Ct: Is that what you intended to do, sir?

Def: Yes, sir.

Through this colloquy the Court determined Defendant understood his appeals rights and voluntarily gave them up as part of the written plea agreement.

Defendant thereafter stated in open court he understood and agreed with the terms of the written plea agreement as summarized by the Assistant United States Attorney during the hearing, and that it contained the whole of his agreement with the Government and no promises or representations were made to him by the Government other than those terms contained in the written plea agreement.

The undersigned Magistrate Judge further examined Defendant relative to his knowledgeable and voluntary execution of the written plea bargain agreement signed by him on March 5, 2010, and determined the entry into said written plea bargain agreement was both knowledgeable and voluntary on the part of Defendant.

The undersigned Magistrate Judge further inquired of Defendant, his counsel and the Government and determined that Defendant understood, with respect to the plea bargain agreement and to Defendant's entry of a plea of guilty to the lesser offense contained in Count Fifteen of the Indictment, the undersigned Magistrate Judge would write the subject Report and Recommendation and tender the same to the District Court Judge, and the undersigned would further order a pre-sentence investigation report be prepared by the probation officer attending the District Court, and only after the District Court

had an opportunity to review the subject Report and Recommendation, as well as the pre-sentence investigation report, would the District Court make a determination as to whether to accept or reject Defendant's plea of guilty or any recommendation contained within the plea agreement or pre-sentence report.

The Court confirmed the Defendant had received and reviewed the lesser offense included in Count Fifteen of the Indictment in this matter with his attorney. The undersigned reviewed with Defendant the statutory penalties applicable to an individual adjudicated guilty of the lesser offense charge contained in Count Fifteen of the Indictment, the impact of the sentencing guidelines on sentencing in general, and inquired of Defendant as to his competency to proceed with the plea hearing. From said review the undersigned Magistrate Judge determined Defendant understood the nature of the charge pending against him; understood that the possible statutory maximum sentence which could be imposed upon his conviction or adjudication of guilty on that charge was imprisonment for a term of not more than one (1) year; understood that a fine of at least $1,000.00 could be imposed; understood that both imprisonment and fine could be imposed; understood he would be subject to one year of supervised release; understood the Court would impose a special assessment of $25.00 for the conviction payable at the time of sentencing; and understood that the Court may require him to pay the costs of his incarceration and supervised release. The Court further determined that Defendant was competent to proceed with the Rule 11 plea hearing.

Defendant also understood that his specific sentence, if the plea was accepted by the District Judge, would be imprisonment for a term of 12 (twelve) months. Defendant also understood that, while the Court may accept, reject or defer its decision, this agreed disposition binds the Court, with respect to the expressly-stated term of imprisonment of 12 months, if and only if the Court accepts the plea

agreement; that the District Judge would advise him whether he accepted his plea agreement; if he advised him he was rejecting the plea agreement, he would then give him the opportunity to withdraw his guilty plea; and if he did not withdraw the plea, the District Judge would proceed to sentence him within the statutory maximum on his plea.

The undersigned then reviewed the charges with Defendant, including the elements the United States would have to prove at trial, charging him with possession of 1.51 grams of a mixture or substance containing a detectable amount of methamphetamine, a lesser included offense as charged in Count Fifteen of the Indictment, in violation of Title 21, United States Code, Section 844.

The undersigned Magistrate Judge further cautioned and examined Defendant under oath concerning all matters mentioned in Rule 11.

The Court then received the sworn testimony of West Virginia State Trooper Corporal John Johnson, who is assigned to the BCI and the Potomac Highlands Drug and Violent Crimes Task Force. Cpl. Johnson testified that the Task Force conducted a continuing investigation from 2004 until the present regarding the distribution of methamphetamine by Vincent Smith and others. Defendant was implicated as a member of the group distributing methamphetamine. Three controlled purchases of methamphetamine had been made from Defendant. Regarding Count 15 of the Indictment, on January 27, 2005, Defendant was residing in Brandywine, Pendleton County, West Virginia. A confidential informant ("CI") had been utilized by law enforcement to make two prior controlled purchases of methamphetamine from Defendant. On that day it was arranged for the CI to attempt to purchase 3.5 grams (an 8-ball) of methamphetamine from Defendant. Law enforcement met the with CI, searched him and equipped him with recording devices and currency with which to purchase the methamphetamine. The CI was sent to Defendant's residence. Defendant said he had already sold his last "50 bag" (.5

grams) but would make a call to his source.

Defendant walked to a gas station and used a pay phone. He then came back to his residence and told the CI's the source was waiting for the meth to arrive. The CI's left and met back with law enforcement. Surveillance was maintained on the residence, and a white Ford Taurus arrived. A white male entered the residence, stayed a brief time then left. An officer followed the vehicle, which plates were identified as belonging to Earl Harper. Visual identification of Earl Harper was also made.

The CI's then went back Defendant's residence. Defendant told them he still did not have 3.5 grams, but that Harper had brought 4 50-gram bags they could purchase for $200.00. The transaction took place, and the CI's left and returned to the officers. The evidence was retrieved and sent to the West Virginia State Police Crime Lab where it was determined to consist of 1.5 grams of a mixture containing a detectable amount of methamphetamine. Cpl. Johnson testified that in order to have distributed the methamphetamine Defendant had to have possessed it.

Defendant then stated he heard and understood Corporal Johnson's testimony, but could not remember from so long ago if it was all accurate. Upon further inquiry, Defendant testified he had viewed the recording of the controlled purchase and it did refresh his memory and he did recall the events. Thereupon, Defendant, Richard Charles Benka, with the consent of his counsel, Stephen G. Jory, proceeded to enter a verbal plea of **GUILTY** to the lesser included offense as charged in Count Fifteen of the Indictment.

From the testimony of Cpl. Johnson, the undersigned Magistrate Judge concludes the lesser included offense charged in Count Fifteen of the Indictment is supported by an independent basis in fact concerning each of the essential elements of such offense.

Upon consideration of all of the above, the undersigned Magistrate Judge finds that Defendant is

fully competent and capable of entering an informed plea; Defendant is aware of and understood his right to have an Article III Judge hear his plea and elected to voluntarily consent to the undersigned United States Magistrate Judge hearing his plea; Defendant understood the charges against him; Defendant understood the consequences of his plea of guilty; Defendant made a knowing and voluntary plea of guilty to the lesser included offense charged in Count Fifteen of the Indictment; and Defendant's plea is independently supported by the testimony of Cpl. Johnson, which provides, beyond a reasonable doubt, proof of each of the essential elements of the charge to which Defendant pled.

The undersigned Magistrate Judge therefore recommends Defendant's plea of guilty to the lesser included offense charged in Count Fifteen of the Indictment herein be accepted conditioned upon the Court's receipt and review of this Report and Recommendation and a Pre-Sentence Investigation Report.

The undersigned further directs that a pre-sentence investigation report be prepared by the adult probation officer assigned to this case.

Defendant is continued on release pursuant to an Order Setting Conditions of Release previously entered in this matter.

Any party may, within fourteen (14) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the Honorable Robert E. Maxwell, United States District Judge. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such report and recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of the Court is directed to send a copy of this Report and Recommendation to counsel of record.

Respectfully submitted this 10th day of March, 2010.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE